## W. K. PERRY *v.* D. J. WILCOXEN.

**Arbitration Binding in Absence of Fraud or Mistake.**

> An arbitration as to boundary line agreed to by the parties and by a former grantor of one of them, who would be liable on his warranty, is binding on all in the absence of fraud or mistake. Equity favors the settlement of such disputes, and the mere disappointment of a party at the action of his attorney or testimony of witnesses offers no reason for disregarding such settlement.

APPEAL FROM HART CIRCUIT COURT.

November 19, 1885.

OPINION BY JUDGE PRYOR:

The questions propounded to the jury as to the title to this land are not necessary to be considered in this case, nor can they be considered because the record contains no bill of exceptions. Assuming, however, that the jury returned a verdict sustaining the title of the appellee, this case was in equity to set aside an alleged fraudulent arbitration by which the disputed boundary of the lands owned by the parties to this controversy was fixed and determined.

Mistake and fraud have been charged against the appellant's arbitrators and some of the witnesses, and after carefully weighing the testimony in the case we find no proof to sustain either fraud or mistake, nor any other fact that would authorize the chancellor

to disregard the award made at the instance of these parties. It is evident that the appellee, Wilcoxen, was solicitous of having the arbitration entered into, and particularly when leaving from Thompson's survey that the line of boundary was as he desired it should be. Thompson, however, is charged with being the attorney and witness for the appellees and then betraying the trust on the day the arbitrators met for the purpose of fixing the true boundary. Thompson may have been less willing to subscribe to the truth of the statements made by him to the appellee on the day he was sworn as a witness than when at the home of the appellee, ascertaining or attempting to ascertain where the real boundary was. He may have disappointed appellee in his efforts as an attorney or in his statements as a witness, but we find nothing in the record showing a purpose on his part to deceive appellee, or any combination between Thompson and the appellant to deprive appellee of his rightful estate.

The arbitrators and all others but the appellee knew or seem to have known what they were called on to determine. They heard the statements of the witnesses, read the written evidence of title and proceeded to settle the dispute between their neighbors. They were doubtless men of intelligence and integrity, and when called on to settle a difference that was about to result in litigation acted and adjudged between the parties as their judgment dictated. We know nothing in the case to impugn their motives or conduct as to this arbitration, and that they gave the land to the appellant when it belonged to the appellee is no cause for disregarding the award.

The entire conduct of the arbitration was fair and impartial as far as the proof shows, and if the appellee placed too much confidence in his attorney and principal witness it is his misfortune and not that of the appellant. Filis, who sold the land to Perry, was liable on his warranty of title and equally as anxious as the appellee to have the boundary settled. He signed the agreement with the appellee. Perry was present and consented to the arbitration, and, after the award was made, corners were marked and the line ran and settled to the satisfaction, apparently, at least, of all the parties. The award was as binding on Perry, from the facts before us, as on Filis or the appellee. It was and is binding on all parties. Equity favors the settlement of such disputes, and the mere imaginary wrongs of parties in interest, supposed to have

been caused by their attorneys or witnesses, offered no reason for ·disregarding the peaceful settlements that often avoid, as it has done in this case, vexatious and expensive litigation. The judgment below is reversed and remanded with directions to sustain the award and dismiss the petition.

Judgment *reversed.*

*Porter & McQuown, for appellant.*

*H. C. Martin, for appellee.*